IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARY J. SPEARS                                                                    PLAINTIFF

             v.                              CIVIL NO. 09-6083

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a

decision of the Commissioner of the Social Security Administration (Commissioner) denying

her claims for a period of disability and disability insurance benefits (DIB) and supplemental

security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security

Act (Act). In this judicial review, the Court must determine whether there is substantial evidence

in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on September 23, 2005,

alleging an inability to work since September 7, 2005, due to degenerative disc disease, mitral

valve prolapse and arthritis. (Tr.46-49, 261-265). An administrative hearing was held on May

16, 2007, at which Plaintiff appeared with counsel and testified. (Tr. 286-312).

By written decision dated August 9, 2007, the ALJ found that during the relevant time

period Plaintiff had an impairment or combination of impairments that were severe. (Tr.19).

Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc

disease of the lumbar spine. However, after reviewing all of the evidence presented, he

determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No.

4.  (Tr. 20).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform the full range of light work, with the ability to lift-carry and push-pull up to 20 pounds occasionally and 10 pounds frequently, the ability to sit 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period) and the ability to stand and/or walk 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period).

(Tr. 20).  With the help of a vocational expert, the ALJ determined Plaintiff could perform her

past relevant work as a cashier/checker. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which,

after reviewing the additional evidence, denied that request on July 23, 2009.  (Tr. 5-9).

Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant

to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now

ready for decision.  (Docs.7,8).

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have

AO72A
(Rev. 8/82)

decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138,

AO72A
(Rev. 8/82)

1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

The ALJ found that Plaintiff's medical impairments could reasonably be expected to produce the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible.

In determining whether the ALJ properly disregarded Plaintiff's subjective complaints of pain,  the Court must determine if the ALJ properly followed the requirements of  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), in evaluating her pain and credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski, 739 F.2d  at 1322 (emphasis in original).

In addition to the requirement that the ALJ consider the Plaintiff's allegations of pain, he also has a statutory duty to assess the credibility of Plaintiff and other witnesses.  Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992).  The ALJ may discredit subjective complaints of

-4-

pain inconsistent with the record as a whole.  Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir. 1993).

In his opinion, the ALJ found Plaintiff's degenerative disc disease of the lumbar spine was a severe impairment. (Tr. 19).  He did not, however, discuss Plaintiff's fibromyalgia.

Fibromyalgia involves pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues.  Diagnosis is recognized by a typical pattern of diffuse fibromyalgia and nonrheumatic symptoms, such as poor sleep, trauma, anxiety, fatigue, irritable bowel symptoms, exposure to dampness and cold, and by exclusion of contributory or underlying diseases.  See The Merck Manual, pp. 1369-1371 (16th Edition, 1992).  Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective.  There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body that when pressed firmly cause the patient who really has fibromyalgia to flinch.

We recognize that it is difficult to determine the severity of Plaintiff's condition because of the unavailability of objective clinical tests.  Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not.  Michael Doherty & Adrian Jones, Fibromyalgia Syndrome (ABC of Rheumatology), 310 BRITISH MED. J. 386 (1995).  The question is whether the Plaintiff is one of the minority, or not.

The medical evidence clearly indicates that Plaintiff had been diagnosed with fibromyalgia. (Tr.129, 225, 279).  Physicians have documented Plaintiff's complaints of pain,

AO72A
(Rev. 8/82)

fatigue and stiffness, all symptoms reasonably expected to be produced by Plaintiff's fibromyalgia. Dr. Julie Flick, Plaintiff's treating physician, also noted Plaintiff exhibited tenderness in the tender points associated with a diagnosis of fibromyalgia. (Tr. 220, 234, 225). However, it appears the ALJ gave little weight to the diagnosis of fibromyalgia or its debilitating effect. Rather, he focused his attention of Plaintiff's reported ability to perform household chores, care for her personal needs, grocery shop, and work on crafts and flower arranging once a week. (Tr. 21). Contrary to the ALJ's assertion, the Eighth Circuit has held, in the context of fibromyalgia cases, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. See Brosnahan v. Barnhart, 336 F.3d 671, 677 (8th Cir. 2003); Kelley v. Callahan, 133 F.3d 583, 588-89 (8th Cir. 1998). Accordingly, Plaintiff's ability to perform these tasks does not automatically render her capable of performing work.

Therefore, because the ALJ improperly discredited Plaintiff's subjective complaints of pain without considering the impact of her fibromyalgia, we find that his conclusion that Plaintiff is not disabled is not supported by substantial evidence in the record as a whole. Accordingly, we believe remand is necessary in order to allow the ALJ to further develop the record regarding Plaintiff's fibromyalgia and for a re-evaluation of Plaintiff's subjective complaints in light of this diagnosis. On remand the ALJ should re-evaluate Plaintiff's subjective allegations in accordance with Polaski, 739 F.2d at 1322, specifically discussing each Polaski factor in the context of Plaintiff's particular case.

The ALJ's RFC assessment is also of some concern to the undersigned. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical

-6-

records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

Given the fact that Plaintiff was diagnosed with fibromyalgia, we cannot say that the ALJ's RFC assessment is supported by substantial evidence. The ALJ, in concluding that Plaintiff could perform the exertional and non-exertional requirements of a full range of light work, relied on an RFC assessment completed by non-examining, medical consultant, indicating Plaintiff's ability to perform this level of work. (Tr. 169-174). We note that the opinion of a consulting physician who examined the Plaintiff once or not at all does not generally constitute substantial evidence. See Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir. 1999). It is also significant to note that the RFC assessment relied upon was completed in November of 2005, and affirmed in April of 2006 (Tr. 164-165), prior to many of the medical records currently of record including Dr. Flick's findings in support of her fibromyalgia diagnosis.

Therefore, on remand, the ALJ is directed to address interrogatories to Plaintiff's treating physicians, including Dr. Flick, asking them to review Plaintiff's medical records, complete an RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding

-7-

Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. <u>Chitwood v. Bowen</u>, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); <u>Dozier v. Heckler</u>, 754 F.2d 274, 276 (8th Cir. 1985).

The record further reveals medical evidence, dated March of 2007, indicating Plaintiff had exquisite tenderness and significant crepitance with range of motion in her left knee. (Tr. 243). Plaintiff's treating physicians should also be asked to address any limitations caused by Plaintiff's knee impairment.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence. If after proper review of an adequately developed record, the ALJ finds that Plaintiff cannot return to her past relevant work, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that Plaintiff can perform. <u>Sells v. Shalala,</u> 48 F.3d 1044 (8th Cir. 1995).

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of September 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)